UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHN DANIE ASHFORD,

        Plaintiff,                       Case No. 2:16-cv-82

v.                                         Honorable R. Allan Edgar

J. FLATT, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff John Danie Ashford, a prisoner currently confined at the Kinross Correctional Facility (KCF), filed his *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer J. Flatt, Assistant Resident Unit Supervisor T. Parline, Prison Counselor Richard McBryde, Resident Unit Manager L. Olson, Warden Mitch Perry, Grievance Specialist Sean Lockhart, and Richard D. Russell.

In Plaintiff's complaint, he alleges that he received a major misconduct ticket on October 30, 2013. In violation of MDOC policy, Plaintiff was terminated from his job on October 31, 2013, by Defendant T. Parline, despite the fact that he had not yet had a hearing on the misconduct ticket. Plaintiff was informed of this fact by Defendant Flatt. On November 14, 2013, Plaintiff was found not guilty of the misconduct ticket. On November 27, 2013, Plaintiff asked Defendant Flatt for back pay for the month of November. Defendant Flatt replied that Plaintiff had been terminated as of the end of October and his job had been given to another inmate.

Plaintiff filed a grievance regarding the loss of his job, requesting reinstatement and backpay. On December 6, 2013, Defendant McBryde responded to the grievance, stating:

> Prisoner was laid in pending termination for misconducts incurred on 10/30/13. He was found not guilty on 11/14/13. PD 05.01.100 paragraph DD states in part, "if the prisoner is not found guilty at the initial hearing, s/he shall be paid for any time s/he was removed from the assignment pending the hearing. The prisoner may be returned to the same assignment or considered for reclassification in accordance with this policy, as determined by the Classification Director. The prisoner shall not be returned to the same assignment if the Classification Director determines it to be a threat to the safety or security of the facility." Prisoner was told he would be the next prisoner hired for that position since it had since been filled, and that he is entitled to the back pay only for the time leading up to the hearing per policy, which is 15 days at a daily rate of $.84/day for a

>       total of $9.24.  Prisoner was not satisfied with this resolution and
>       wishes to proceed to Step II.

(ECF No. 1-1, PageID.23.)

Plaintiff's appeal was denied at step II by Defendant Perry, and at step III by Defendant Russell.  Plaintiff claims that he was without prison employment for three and a half months, which caused him to go without basic hygiene items.  Plaintiff claims that the termination from his job violated his due process rights under the Fourteenth Amendment and that Defendants McBryde, Olson, Perry, Lockhart, and Russell all conspired to cover up the underlying misconduct in their handling of Plaintiff's grievances.  Plaintiff seeks compensatory, punitive, and nominal damages, as well as declaratory and injunctive relief.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff has failed to allege a violation of his constitutional right of due process under the Fourteenth Amendment. Plaintiff alleges that the conduct of Defendants Flatt and Parline violated MDOC policy and resulted in the termination of Plaintiff's job assignment. Even assuming that what Plaintiff says is true, Plaintiff has not stated a viable due process claim.

Procedural due process claims require resolution of two questions:

> [T]he first asks whether there exists a liberty or property interest which has been interfered with by the State, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972); the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. *Hewitt v. Helms*, 459 U.S. at 472.

*Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989).

Generally speaking, a protected interest exists if the individual has a legitimate claim of entitlement to it. *Id.* at 460. The interest here at issue is whether Plaintiff, a prisoner, had an entitlement to continued prison employment in the absence of just cause for discharge. Plaintiff has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980).

Nor does state law create such an entitlement. Michigan's statutes and regulations give prison authorities complete discretion regarding programming assignments of prisoners. Michigan does not have statutes or administrative rules restricting the discretion of its prison administrators concerning such decisions. Under Michigan Department of Corrections regulations, prison authorities retain broad discretion regarding the assignment of prisoners to rehabilitative programs and work assignments. *See* MICH. DEP'T OF CORR., Policy Directives 05.01.100 and 05.02.112.

Accordingly, since Plaintiff had no entitlement to or liberty interest in his job assignment, the Due Process Clause was not implicated by Plaintiff's termination, with or without cause.

Because the conduct of Defendants Flatt and Parline did not violate the Constitution, the denial of Plaintiff's grievances regarding his job termination by Defendants McBryde, Olson, Perry, Lockhart, and Russell could not have violated Plaintiff's constitutional rights. Moreover,

government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Defendants McBryde, Olson, Perry, Lockhart, and Russell engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   5/31/2016                              /s/ R. Allan Edgar
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE